IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| STEVE P. NASTASIUK, | Civil No. 04-6373-AA |
| | O R D E R |
| Plaintiff, | |
| vs. | |
| MCKENZIE SCHOOL DISTRICT NO. 68, a governmental entity, and SUSAN TAYLOR-GREENE, acting in her individual capacity, | |
| Defendants. | |

AIKEN, Judge:

Plaintiff filed an action for declaratory and injunctive relief, and for damages and attorney fees against defendants McKenzie School District, No. 68 and Susan Taylor-Greene for gender discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2, violation of plaintiff's First Amendment rights, rights under the Equal Protection Clause, and Due Process Clause of the Fourteenth Amendment, among other claims.

Plaintiff has filed a motion to compel the production of documents. That motion is granted in part and denied in part as follows:

1 - ORDER

Executive Session Minutes: Plaintiff seeks to compel production of the minutes from certain meetings of defendant District's Board of Directors. Defendant refuses to produce these documents alleging they contain privileged attorney client communications. Defendant is ordered to produce minutes from the requested Board meetings that do not contain attorney client communications. Defendant is also ordered to produce minutes that do contain such privileged communications with those communications redacted from the documents.

Medical Records: Plaintiff's request for Taylor-Greene's medical records because they "may contain information reasonably calculated to lead to the discovery of admissible evidence," is denied. Considering plaintiff's allegations of Title VII gender discrimination and retaliation, I find no relevance to defendant's medical records. This request is denied with leave to reopen if plaintiff is able to articulate some relevance to his claims.

Personnel Files: Defendant is ordered to turn over the personnel files of Jenny Stamatis, a District bus driver, and David Mitchell, a former District educational assistant. Defendant is also ordered to produce salary information for David Greene. The court accepts defendant's representation that it does not possess any relevant documents for David Greene regarding evaluations and/or documents that would "support or refute the atmosphere of anti-male bias that the plaintiff alleges."

All personnel information, including personnel files, will be produced via a Protective Order drafted by the defendant and signed by the court. The Protective Order should be filed with

2 - ORDER

```
 1   the court within two weeks of the date of this Order, and then
 2   discovery should be provided to the plaintiff within two weeks of
 3   the court signing the Protective Order.
 4                              CONCLUSION
 5       Plaintiff's motion to compel (doc. 32) is granted in part
 6   and denied in part as stated above.  Further, plaintiff's request
 7   for oral argument is denied.
 8   IT IS SO ORDERED.
 9           Dated this  16   day of July 2006.
```

                                    /s/ Ann Aiken
                                      Ann Aiken
                            United States District Judge

3 - ORDER